IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

KAIMEL L. GLENN,        *

Plaintiff,        *

v.        *      Civil Action No. WDQ-10-3647

COII E. LAYTON, *et al.*,        *

Defendants.        *
       ***

MEMORANDUM

For the following reasons Defendants' Motion to Dismiss or for Summary Judgment will be granted. ECF No. 12. The Court determined that no hearing was necessary. *See* Local Rule 105.6 (D. Md. 2011).

Background[1]

Plaintiff Kaimel L. Glenn ("Glenn") alleges that Correctional Officers E. Layton and Davis opened a letter he had addressed to this Court which concerned an appeal. ECF No. 1 at pp. 4 – 5. Glenn states that under the First and Sixth Amendment prison officials are not allowed to read or censor "this type of incoming or outgoing mail." Glenn further claims that under the Fourth Amendment his outgoing mail may not be inspected unless there is a special security interest in doing so. *Id.*

The Defendants assert that neither Layton or Davis have access to outgoing or incoming mail due to the shifts they are assigned to work. ECF No. 12 at Ex. A, pp. 5, 11, and 12, Ex. B and C. They explain outgoing mail is inspected on a regular basis pursuant to Division of Correction Policy and that Glenn is mistaken in his claim that inspection of his mail violates

---

[1] In reviewing the motion for summary judgment, Glenn's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

policy. *Id.* at Ex. A pp. 13 – 19. Finally, they state that Glenn has, in the past, raised similar claims regarding outgoing mail against prison personnel who were charged with his supervision. *Id.* at p. 5. Glenn does not dispute the Defendants' assertions.

Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Analysis

Glenn's claim concerns outgoing legal mail which implies his access to courts was infringed. Even if there were evidence, other than his bald assertion, that his outgoing legal mail was opened or confiscated, he has failed to allege that harm that has befallen him as a result. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis v. Casey*, 518 U.S. 343, 355 (1996). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Based on the undisputed evidence, Defendants are entitled to summary judgment in their favor. A separate Order follows.

7/8/11
Date

William D. Quarles, Jr.
United States District Judge